UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLEE KEYES,

        Plaintiff,                        Hon. Ellen S. Carmody

v.                                        Case No. 1:15-CV-667

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On September 14, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 8).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 43 years of age on her alleged disability onset date.  (PageID.306).  She successfully completed high school and worked previously as a light cleaner.  (PageID.51-52). Plaintiff applied for benefits on May 2, 2012, alleging that she had been disabled since February 4, 2012, due to Post-Traumatic Stress Disorder (PTSD), right lung nodule, diverticulitis, gastroesophageal reflux disease (GERD), bleeding ulcer, depression, anxiety, thyroid removal, and pancreatitis.  (PageID.306-07, 319-22, 341).  Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (PageID.113-304).

On December 10, 2013, Plaintiff appeared before ALJ Christopher Ambrose with testimony being offered by Plaintiff, Plaintiff's roommate, and a vocational expert.  (PageID.59-111).  In a written decision dated December 11, 2013, the ALJ determined that Plaintiff was not disabled.  (PageID.43-53).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.27-32). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) gastroesophageal reflux disease (GERD); (2) irritable bowel syndrome; (3) obesity; (4) mood disorder; (5) anxiety disorder; (6) attention deficit disorder; (7) borderline intelligence; and (8) nicotine and cannabis dependencies, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.45-49).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift and carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can sit and stand/walk for 6 hours each; (3) she cannot climb ladders, ropes, or scaffolds; (4) she can occasionally crawl, crouch, kneel, stoop, balance, and climb ramps/stairs; and (5) she is limited to simple, routine, and repetitive tasks in an isolated environment involving only occasional supervision and occasional interaction with co-workers.  (PageID.49).

A vocational expert testified at the administrative hearing that if limited to the extent reflected in the ALJ's RFC, Plaintiff would be able to perform her past relevant work as a light cleaner.  (PageID.101-02).  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.  The vocational expert further testified that there existed approximately 975,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.102-03).

5

I.        **Plaintiff's Credibility and RFC Determination**

At the administrative hearing, Plaintiff testified that she was far more limited than the ALJ recognized. For example, Plaintiff testified that she was unable to even walk one block without experiencing debilitating pain in her stomach, back, neck, and legs. (PageID.99). Plaintiff reported that she could only lift "five [pounds] or less" and that if she attempts to lift heavier items, such as a jug of milk, she simply drops it. (PageID.99-100). Plaintiff reported that if she attempts to read, she "can't stay connected" and "can't concentrate." (PageID.100). Plaintiff also testified that her diarrhea and anxiety are so debilitating that she is unable to even leave her house three weeks each month. (PageID.100-01). The ALJ afforded limited weight to Plaintiff's subjective allegations. Plaintiff argues that the ALJ improperly discounted her testimony.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable."  *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In his decision denying Plaintiff's claim for benefits, the ALJ articulated the following rationale for discrediting Plaintiff's credibility:

> Significantly, no physician imposed a work preclusive limitation on the claimant's functioning, or opined that she was disabled, or had greater restriction that those included in the residual functional capacity (RFC) adopted. The undersigned notes the results of aforementioned CT, EKG, MRI, radiographic, ultrasound, endoscopic and clinical evaluations, which do not reveal completely debilitating pathology. This is not to suggest the claimant does not have legitimate impairment and limitations, but rather, that these [are] not of a scale to reasonably conclude [s]he is incapable of performing sustained work activity within the confines of the RFC delineated. Fortunately, the claimant's gastrointestinal status has not resulted in persistent nutritional deficiencies, recurrent obstruction, Barrett's metaplasia, odynophagia or notable esophageal stricture. The claimant is somewhat obese, and the undersigned has considered how her weight affects the ability to perform routine movements and necessary physical activity within the work environment. The undersigned is aware that obesity often complicates existing medical problems, and that the consequences of this condition may not be readily apparent. The combined effects of obesity with other impairments may be greater than might be expected without the disorder. The Administrative Law Judge examined any added and accumulative effects this condition played on her ability to function, and to perform routine movement and necessary physical activity within the work environment. In spite of her weight, clinicians generally observed the claimant ambulate quite well without an assistive device, and to retain functional range of motion. The claimant's neurological functions in terms of motor power, reflex activity, cranial nerves and sensation were largely intact, and her musculoskeletal and extremity reviews were commonly free of deformity, clubbing, cyanosis, edema, heat, discoloration, ulceration, diminished pulsation or atrophic changes.
>
> The claimant is not a completely credible individual. She is a daily user of marijuana, despite frequent warnings from health care professionals to cease doing so. The record does not fully support the claimant's contentions as to the magnitude of her symptomatology and dysfunction, including her expressed level of pain. The claimant asserted that she had hand tingling and numbness, but the record is devoid of deficits affiliated with her grip, dexterity or digital mobility. With respect to her mental status, the overall evidence does

>not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple, routine and somewhat isolative in nature, as depicted in the RFC adopted. The claimant participated in only intermittent mental health therapy, and she was not consistently taking prescribed medication. During the hearing, it was pointed out that when last receiving counseling, clinicians found the clamant to be doing very well, certainly in part, due to her self-reports. The claimant explained that this was not truly the case, and she had been deliberately misleading her clinicians in order to gain the upper hand in a child custody manner. Within testimony or the written record, it was reported that the claimant was able to performed (sic) self-care tasks, laundered clothing, washed dishes, assisted with light household cleaning, for some interval provided child care, drove and shopp[ed], prepared simple meals, used a computer and texted, listened to music, read and spent time with family and a few friends (Exhibits 4E, 8E, 8F and testimony).

(PageID.50-51).

The ALJ's assessment of Plaintiff's credibility is thorough and reflects an accurate description of the evidence of record. (PageID.348-55, 374-84, 501-04, 676-724). As the ALJ noted, there is no support in the record for Plaintiff's allegations of extreme physical pain and limitation. As the ALJ further noted, none of Plaintiff's care providers imposed on Plaintiff limitations which are inconsistent with the ALJ's RFC finding. In sum, the ALJ's determination to discount Plaintiff's credibility is supported by substantial evidence. Likewise, the ALJ's RFC determination is supported by substantial evidence. Putting aside Plaintiff's properly discounted testimony, the record overwhelmingly supports the ALJ's RFC determination. Accordingly, these arguments are rejected.

**II.        The ALJ Properly Developed the Record**

Plaintiff argues that the ALJ abused his discretion by failing to consult with a medical expert regarding her RFC. The Court is not persuaded.

It is well accepted that it is the claimant's "responsibility to provide medical evidence showing that [s]he is disabled." *Smith v. Commissioner of Social Security*, 2011 WL 3421538 at *2 (W.D. Mich., Aug. 4, 2011). While the ALJ must ensure that every claimant receives a full and fair hearing, where a claimant is represented by counsel, as was the case presently, "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop [her] claims." *Woelk v. Commissioner of Social Security*, 2014 WL 2931411 at *2 (E.D. Mich., June 30, 2014).

Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 2009 WL 2628355 at *8 (6th Cir., Aug. 27, 2009) (citation omitted). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Id.* (citation omitted).

The ALJ determined that the record before him was sufficient to resolve Plaintiff's claim for benefits. Plaintiff offers nothing suggesting that consulting with a medical expert or

otherwise expanding the record would have produced evidence supporting a different outcome in this matter. Accordingly, this argument is rejected.

**III.        Plaintiff's Failure to Seek and Comply with Treatment**

As noted above, the ALJ, in support of his decision to discredit Plaintiff's testimony, observed that Plaintiff "participated in only intermittent mental health therapy, and she was not consistently taking prescribed medication." Plaintiff argues that it was improper for the ALJ to discredit her testimony on this ground because her failings in this regard were due to a lack of insurance or ability to afford treatment. The Court disagrees.

Plaintiff sought mental health treatment from a Michigan Community Mental Health Center which is obligated to provide mental health services regardless of the recipient's ability to pay. *See* Mich. Comp. Laws § 330.1810; *see also*, Free or Low Cost Mental Health Care, available at http://www.michigan.gov/mdhhs/0,5885,7-339-71547_2943_52115-203750--,00.html (last visited on July 9, 2016) (noting that when receiving treatment from a Community Mental Health Center, "[y]ou pay what you can afford based on your income"). As Defendant correctly notes, Plaintiff did not consistently attend her scheduled appointments. (PageID.687, 689, 693, 695). The record also reveals that Plaintiff did not consistently take her prescribed medications. (PageID.718). Thus, the aforementioned matters which the ALJ cited to discount Plaintiff's credibility were unrelated to Plaintiff's ability to pay for treatment. Accordingly, this argument is rejected.

IV.     The ALJ Properly Evaluated Plaintiff's Impairments

As noted above, the ALJ determined that Plaintiff suffers from several severe impairments. Plaintiff argues, however, that she is entitled to relief because the ALJ failed to find that she also suffered from additional severe impairments relating to her back, knees, neck, and intestinal functioning. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). A review of the ALJ's decision makes clear that he considered the entire record and all Plaintiff's impairments and limitations. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. The Court further determines that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v.*

*Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).  A judgment consistent with this opinion will enter.


Date:  July 20, 2016                               /s/ Ellen S. Carmody
                                                                                    ELLEN S. CARMODY
                                                                                     United States Magistrate Judge